UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-cv-60485

LOURDES LEZAMA

      Plaintiff,
vs.

CELEBRATION CRUISE OPERATOR, INC.,

      Defendant.
_____/

## AMENDED COMPLAINT

**COME NOW**, the Plaintiff, **LOURDES LEZAMA**, by and through undersigned counsel, and sues the Defendant, CELEBRATION CRUISE OPERATOR, INC., and further states as follows:

### GENERAL ALLEGATIONS

1) This is a cause of action which is brought in the District Court for the Southern District, Florida pursuant to 28 U.S.C. 1333 and the forum selection clause of Plaintiff's passenger cruise ticket with the Defendant, Section 12. The cause of action is in excess of $75,000.00. There is complete diversity of citizenship. Plaintiff is a resident of New York. This is a maritime cause of action.
2) Plaintiff has complied with all conditions precedent to bringing this action or said conditions do not apply.
3) Defendant CELEBRATION CRUISE OPERATOR, INC. is, upon information and belief, a Florida corporation, which is licensed to do business in Florida as a cruise line. Defendant's base of operations and principle place of business is in Fort Lauderdale, Broward County, Florida.

### COUNT ONE-NEGLIGENCE

4) Plaintiff re-avers and re-alleges paragraphs One through Three as if set forth herein.
5) On or about March 20, 2011, Plaintiff was a fare-paying passenger on the Defendant's vessel BAHAMAS CELEBRATION. The Defendant owned and/or operated the BAHAMAS CELEBRATION on the aforesaid date.
6) At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances as a common carrier in protecting her from physical harm and ensuring that she arrives at her destinations safely.

7) Notwithstanding the Defendant's duty as aforesaid, the Defendant breached its duty by unreasonably:
   A) Failing to properly maintain the vessel a safe condition by failing to maintain the decks and their fixtures in a reasonably safe condition, and/or;
   B) Failing to properly enforce its own policies and procedures regarding inspections and maintenance of the vessel's seaworthiness, its decks and the fixtures on its decks;
   C) Failing to supervise employees conducting inspections and maintenance of the vessel's seaworthiness, its decks and the fixtures on its decks, and/or;
   D) Failing to warn Plaintiff of the existence of dangerous conditions on its decks and the existence of dangerous wooden umbrellas on its decks, and/or;
   E) Failing to take proper precautions for passenger safety on the decks of the vessel, and/or;
   F) Allowed poorly maintained wooden deck umbrellas to remain in service for an unreasonable period of time, and/or;
8) As a result of the foregoing, the Plaintiff was seriously injured when she was struck in the face by a poorly maintained wooden deck umbrella after the Defendant and their agents had notice or should have had notice of the poorly maintained wooden deck umbrella.
9) At all times material, the Defendant either created the dangerous conditions of which Plaintiff complains and/or the dangerous conditions existed for a sufficient period of time that the Defendant had constructive knowledge of the dangerous conditions and/or Defendant had actual knowledge of the dangerous conditions as alleged in paragraphs seven and eight to have caused or contributed to causing Plaintiff's injuries.
10) At all times, Plaintiff acted with due care for her own safety.
11) At all times material hereto, the Defendant was in direct control of the vessel where Plaintiff was injured.
12) As a result of the negligence of the Defendant as stated above, the Plaintiff was injured in and about her person and suffered physical pain, mental and emotional distress and anguish as a result of the Defendant's negligence; incurred medical expense and scarring and disfigurement, embarrassment, mental anguish and emotional distress and a loss of the ability to enjoy life; suffered an aggravation of pre-existing conditions, and suffered a loss of enjoyment of the cruise. Said personal injuries are permanent and/or continuing in nature and the Plaintiff continues to suffer such losses and impairments now and in the future.

   WHEREFORE, Plaintiff demands judgment from the Defendant for damages, costs and pre-judgment interest and any other such relief the court deems appropriate.
.

   Plaintiff hereby makes its demand for Jury trial.

DATED this 24th Day of April, 2012.

SOO-HOO LAW FIRM
8110 Roosevelt Avenue, 2nd Floor
Jackson Heights, New York 11372
Telephone: (917) 397-6988
Fax: (888) 699-8281

By: *//s// Benlliam Y. Soo-Hoo*
BENLLIAM Y. SOO-HOO
Florida Bar No: 696641